**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| TERRI RENO,<br><br>　　Plaintiff,<br><br>v.<br><br><br>CREDIT FIRST NATIONAL ASSOCIATION; CREDIT ONE BANK, N.A.; TRANSUNION LLC; and EQUIFAX INFORMATION SERVICES LLC,<br><br>　　Defendants. | Case No.:<br><br>**Complaint for Damages:**<br>　　**Violation of Fair Credit**<br>　　**Reporting Act** |

Plaintiff, Terri Reno, by and through undersigned counsel, upon information and belief, hereby complains as follows:

### I.　　INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

### II.　　PARTIES

2. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

3. Defendants Credit First National Association ("Credit First") and Credit One Bank, N.A. ("Credit One") are and at all times relevant hereto was, lending institutions regularly doing business in the State of Georgia.

4. At all times pertinent hereto, Defendants Credit First and Credit One are a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit

information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

5. Defendants Credit First and Credit One were at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

6. Defendants Credit First and Credit One are a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendant, TransUnion LLC ("TransUnion"), is a credit reporting agency, licensed to do business in Georgia.

8. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Georgia.

9. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

10. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

11. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

12. Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in Georgia with headquarters in Atlanta, GA.

13. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Georgia.

14. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

15. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

16. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## III.     JURISDICTION AND VENUE

17. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

18. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## IV.     FACTUAL ALLEGATIONS

19. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Credit First, Credit One, TransUnion, and Equifax (collectively, "Defendants"), and has suffered particularized and concrete harm.

20. Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

21. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

22. TransUnion and Equifax have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy."  15 U.S.C. §1681e(b).

23. Plaintiff discovered a Credit First account last four -9745, Credit One account last four -9260 (the "Accounts") reporting on their TransUnion and Equifax credit reports in error.

24. The Accounts report a late balance due and owing with a derogatory collection charge-off status in error.

25. During the course of repayment of the Accounts, Plaintiff entered into a settlement agreements with Credit First and Credit One for full and final settlement of Plaintiff's obligation with respect to the Accounts.

26. In spite of receiving the full benefit of payment in full on the Accounts, and releasing Plaintiff from liability on the Accounts, Defendants Credit First and Credit One continued, erroneously, to report a balance due and owing with derogatory charge-off

1  status on the Accounts to TransUnion and Equifax.

2  27. The false information regarding the Accounts appearing on Plaintiff's
3  consumer report harms the Plaintiff because it does not accurately depict Plaintiff's
4  credit history and creditworthiness.

**PLAINTIFF'S WRITTEN DISPUTE**

28. On or about April 25, 2025, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's TransUnion consumer report.

29. On or about April 25, 2025, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Accounts reporting on Plaintiff's Equifax consumer report.

30. Upon information and belief, TransUnion and Equifax forwarded Plaintiff's TransUnion Dispute and Equifax Dispute ("Dispute Letters") to Defendants Credit First and Credit One.

31. Upon information and belief, Credit First and Credit One received notification of Plaintiff's Dispute Letters from TransUnion and Equifax.

32. Upon information and belief, Credit First and Credit One verified the erroneous information associated with the Accounts to TransUnion and Equifax.

33. Credit First and Credit One failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

34. TransUnion and Equifax each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

35. Upon information and belief, Credit First and Credit One failed to instruct TransUnion and Equifax to remove the false information regarding the Accounts reporting on Plaintiff's consumer reports.

36. TransUnion and Equifax employed an investigation process that was not

1  reasonable and did not remove the false information regarding the Accounts identified
2  in Plaintiff's Dispute Letters.
3     37.   At no point after receiving the Dispute Letters did Credit First, Credit One,
4  TransUnion and Equifax communicate with Plaintiff to determine the veracity and extent
5  of Plaintiff's Dispute Letters.
6     38.   TransUnion and Equifax relied on their own judgment and the information
7  provided to them by Credit First rather than grant credence to the information provided
8  by Plaintiff.
9     39.   The Plaintiff was denied credit and/or refrained from needed credit
10 applications due to the erroneous information associated with the Accounts.
11     40.   Plaintiff has lost time working to resolve the adverse information associated
12 with the Account to prevent harm.

## COUNT I – TRANSUNION
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

16     41.   Plaintiff re-alleges and reaffirms the above paragraphs 1-40 as though fully
17 set forth herein.
18     42.   After receiving the TransUnion Dispute, TransUnion failed to correct the
19 false information regarding the Accounts reporting on Plaintiff's TransUnion consumer
20 report.
21     43.   Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish
22 or to follow reasonable procedures to assure maximum possible accuracy in the
23 preparation of the credit reports and credit files Defendant TransUnion published and
24 maintained concerning Plaintiff.
25     44.   As a result of this conduct, action and inaction of Defendant TransUnion,
26 Plaintiff suffered damage and continues to suffer actual damages including economic
27 loss, damage to reputation, emotional distress, and interference with Plaintiff's normal
28 and usual activities for which Plaintiff seeks damages in an amount to be determined by

the trier of fact.

45. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

46. In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

47. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – TRANSUNION
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

48. Plaintiff re-alleges and reaffirms the above paragraphs 1-40 as though fully set forth herein.

49. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Accounts reporting on Plaintiff's TransUnion consumer report.

50. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

51. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

52. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C.

§1681n.

53. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

54. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EQUIFAX
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

55. Plaintiff re-alleges and reaffirms the above paragraphs 1-40 as though fully set forth herein.

56. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Accounts reporting on Plaintiff's Equifax consumer report.

57. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

58. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

59. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

60. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

61. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

62. Plaintiff re-alleges and reaffirms the above paragraphs 1-40 as though fully set forth herein.

63. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Accounts reporting on Plaintiff's Equifax consumer report.

64. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

65. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

66. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

67. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

68. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – CREDIT FIRST AND CREDIT ONE

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

69. Plaintiff re-alleges and reaffirms the above paragraphs 1-40 as though fully set forth herein.

70. After receiving the Dispute Letters, Credit First and Credit One failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer

report.

71. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Credit First and Credit One's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Credit First and Credit One's representations to consumer credit reporting agencies, among other unlawful conduct.

72. As a result of this conduct, action, and inaction of Defendants Credit First and Credit One, Plaintiff suffered damages and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

73. Defendant Credit First and Credit One's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

74. In the alternative, Defendant Credit First and Credit One was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

75. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Credit First pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks their statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful

      violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted July 25, 2025.

                              */s/ Esther Oise*
                              Esther Oise, Esq. (GA Bar #686342)
                              Oise Law Group PC
                              2635 Governors Walk Blvd.
                              Snellville, GA 30078
                              Email: oiselaw@gmail.com
                              Telephone: (770) 895-3736
                              Attorney for Plaintiff